IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **KELVIN MOON,** | : | |
| Petitioner, | : | |
| v. | : | Criminal Action No. 3:03-cr-8 (HL) |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent. | : | |

## ORDER ON PETITIONER'S MOTIONS REQUESTING CREDIT FOR TIME SERVED

Before this Court are Petitioner's two Motions Requesting Credit for Time Served. (Doc. #'s 22, 23.) Petitioner's Motions are denied as moot.

**I.     FACTS AND PROCEDURAL HISTORY**

Petitioner Kelvin Moon ("Moon") was indicted by a federal grand jury on April 2, 2003, and charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Moon had previously been incarcerated in state prison on March 21, 2003, and he was brought into federal custody on a Writ of Habeas Corpus Ad Prosequendum on April 18, 2003 at the Athens/Clarke County Jail in Athens, Georgia. Moon pled guilty in this Court to the offense of possession of a firearm by a convicted felon, and on August 28, 2003, he was sentenced to 46 months of imprisonment. (Doc. # 20.) Subsequently, on October 29, 2003, Moon was sentenced by the state to a term of 12 months concurrent with any other sentence.

1

After completing his state prison sentence, Moon was delivered to federal custody on February 20, 2004[1] to begin serving his 46 month federal sentence.

Moon filed a Motion Requesting Credit for Time Served on May 23, 2005 (Doc. # 22); he filed a substantially identical motion on October 3, 2005. (Doc. # 23.) In these Motions, Moon argues he should be given credit[2] towards his federal sentence due to time he had previously served in federal custody "while he was waiting federal court proceedings and while he was waiting federal sentencing." (Doc. # 23.)

## II.     ANALYSIS

On October 24, 2005, the Federal Bureau of Prisons ("BOP") recalculated Moon's sentence in two key respects. First, the BOP adjusted the commencement date of Moon's sentence from February 20, 2004 to August 28, 2003. This change was made pursuant to the authority of the BOP and in response to a request made directly by Moon to the BOP.[3] Second, the BOP gave Moon presentence credit towards his federal sentence for the period from March

---

[1] It appears that Moon may have gotten credit for good behavior or previous incarceration, as he obviously did not serve all 12 months of his state sentence between October 29, 2003 and February 20, 2004. Nonetheless, this point is not before the Court, nor is it relevant to the decision in this matter.

[2] In his May 23, 2005 Motion, Moon requests credit from February 20, 2003, the date he asserts he was arrested. (Doc. # 22.) Moon does not specify either the end date for this credit or the total number of days credit he desires the Court award him. In his October 3, 2005 Motion, Moon requests credit from April 18, 2003, the date of his arrest on federal charges, until October 28, 2003, his federal sentencing date, for a total of six months and ten days. (Doc. # 23.) Given the outcome of this matter, it is irrelevant to determine from which date Moon actually is demanding credit.

[3] On September 16, 2005, responding to an inquiry from the BOP regarding whether this adjustment should be made, this Court responded, "The Court has no objection to August 28, 2003 as the commencement date of Mr. Moon's sentence." (September 16, 2005 letter from Judge Hugh Lawson to the Federal Bureau of Prisons.)

21, 2003 through August 28, 2003, covering all of the time that he had spent in prison prior to his federal sentencing. This alteration was in response to a request from Moon for a *nunc pro tunc* designation of the Georgia state prison facility where he was incarcerated as a place of federal confinement.[4] As a result of these two adjustments, Moon received a total of 336 days credit for time previously served in state and federal custody towards his 46 month federal sentence imposed by this Court. Therefore, because Moon has already been granted credit for time in excess of the amount which he requests in his two motions[5], they will be denied as moot.

### III.   CONCLUSION

Petitioner's two Motions Requesting Credit for Time Served (Doc. #'s 22, 23) are denied as moot.

SO ORDERED, this the 2nd day of November, 2005.


                                             **s/   Hugh Lawson**

                                             **HUGH LAWSON, JUDGE**

pdl

---

[4] In Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), the United States Court of Appeals for the Third Circuit held that the Federal Bureau of Prisons had the discretion "to decide whether the state prison in which [the defendant] served his sentence should be designated as a place of federal confinement *nunc pro tunc*. Id. at 478; see also McCarthy v. Doe , 146 F.3d 118 (2d  Cir. 1998) (adopting a similar approach); Richardson v. United States, 2005 WL 2406039 (N.D. Fla. 2005).

[5] In fact, Moon has now been given credit for all of the time he spent in both state and federal jails prior to his federal sentencing—there is no additional credit for time served that he could possibly receive.